UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P92-R

JOHN R. MCHAFFEY                                                  PLAINTIFF

v.

MIKE CRIDER *et al.*                                                 DEFENDANTS

**OPINION**

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the court will dismiss the action.

**I. SUMMARY OF CLAIMS**

The plaintiff is an inmate who is currently confined in an Indiana penal facility. He brings this civil right action, however, due to events arising from his criminal prosecution by the Commonwealth of Kentucky. To this end, he brings official capacity claims against Marshall Circuit and District Court Judge Dennis Foust, Marshall County Commonwealth Attorney Gale Cook, and Public Defender Mike Crider. The plaintiff claims that these defendants violated various amendments to the U.S. Constitution by failing to prosecute and defend him in a timely manner. He seeks a reduction in his sentence and money damages.

**II. STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42 (1988).  To the extent that the plaintiff brings a claim against his public defender, his claim lacks merit because public defenders are not "persons" subject to suit under § 1983.  *Polk County v. Dodson*, 454 U.S. 312 (l981).  Likewise, state officers sued in their official capacity for money damages are not "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989).  Finally, to the extent that he seeks a speedier release from incarceration, the plaintiff must seek habeas corpus relief after he has exhausted his state remedies.  *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

Because the plaintiff has failed to set forth a cognizable claim, his action will be dismissed by separate order.

Date:

cc:     Plaintiff *pro se*
        Defendants
        4413.002